UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LIBERTY SURPLUS INSURANCE, CORPORATION<br>    Plaintiff,<br><br>v.<br><br>TAU KAPPA EPSILON FRATERNITY-<br>MU ALPHA CHAPTER,<br><br>    Defendant. | CASE NO. 1:09-cv-1327-SEB-DML |

### Order on Motion to Intervene, Motion to Decline to Exercise Jurisdiction, and Motion to Set Aside Entry of Default (Dkt. 14)

Petitioners Jason Tierney and Edward Kinsler have moved to intervene in this case under Federal Rule of Civil Procedure 24, and they have requested that the court set aside the clerk's December 3, 2009 entry of default. They also request, in the alternative, that the court decline jurisdiction over this case. (Dkt. 14)  As explained more fully below, the court GRANTS the motion to intervene conditioned upon the filing of the pleading required by Fed.R.Civ.P. 24(c) within fourteen days, DENIES the alternative request to decline jurisdiction, and DEFERS ruling on the motion to set aside the entry of default pending the filing of the intervenors' pleading required by Fed.R.Civ.P. 24(c).

## Facts

From May 31, 2006 through May 31, 2007, plaintiff Liberty Surplus Insurance Corporation ("Liberty") issued a Commercial General Liability policy to Tau Kappa Epsilon Fraternity, Inc. ("TKE"), an Indiana corporation, and the TKE Educational Foundation. The Mu Alpha Chapter of TKE, at West Chester University in Pennsylvania, is an insured under the

Liberty policy for covered liability. Except where necessary to distinguish among these entities, references in this Order to "TKE" are to the Mu Alpha Chapter of TKE. The Mu Alpha Chapter of TKE is the only TKE entity that is a party to this case.

On November 4, 2006, Mr. Tierney and Mr. Kinsler were injured at a party allegedly hosted by TKE at West Chester University. They later filed a lawsuit in the Philadelphia County, Pennsylvania Court of Common Pleas against TKE, among others ("the underlying action"). They allege TKE violated Pennsylvania liquor laws by selling alcohol without a license and to individuals under the age of twenty-one; failing to properly train members on the safe and responsible use of alcohol; failing to properly monitor the actions of members during social events; failing to ensure adherence to TKE's bylaws and code of conduct, while disregarding the initiatives undertaken at West Chester University to curb underage drinking; failing to train or use qualified members of TKE as security for social events; and failing to prevent members from possessing an illegal knife.

Liberty is defending TKE in the underlying action under a reservation of rights. It filed this action on October 26, 2009, seeking a judicial declaration that it has no obligation to defend or indemnify TKE in the underlying action. Liberty maintains that the Commercial General Liability policy it issued to TKE includes three endorsements – Violations of Risk Management Policy, Assault and/or Battery Exclusion, and Hazing, Sexual or Physical Abuse or Molestation Exclusion – that preclude coverage. Liberty also contends that it has no obligation to provide a defense or indemnity to TKE because the "expected or intended" exclusion under the policy's Bodily Injury and Property Damage Liability section applies.

On October 29, 2009, Liberty sent a copy of the Summons and Complaint to an executive officer of the Mu Alpha Chapter of TKE as provided by Indiana law. TKE did not file a

responsive pleading or otherwise defend against the Liberty complaint.  As a result, Liberty filed an Application for Entry of Default on December 2, 2009, and the clerk entered default against Mu Alpha Chapter of TKE on December 3, 2009 (Dkt. 11).  Mu Alpha Chapter of TKE has never made a filing in this case and apparently has no intention to defend.

## Analysis

### I. Motion to Intervene

Mr. Tierney and Mr. Kinsler now seek to intervene as defendants in this action as provided by Federal Rules of Civil Procedure 24, so that their interests—along with the interests of the Mu Alpha Chapter—in insurance coverage are protected.  They contend that because Mu Alpha Chapter has failed to answer or otherwise defend in this coverage action, their interests are not being adequately represented by existing parties and that they should be permitted to intervene.

Mr. Tierney and Mr. Kinsler have moved for intervention as of right under Federal Rule of Civil Procedure 24(a), or in the alternative, for permissive intervention under Rule 24(b).  Because the court determines that permissive intervention is appropriate, it does not need to address intervention as of right.

Rule 24(b) provides, in pertinent part, that "[u]pon timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact."  Fed. R. Civ. P. 24(b)(1)(B).  Mr. Tierney and Mr. Kinsler maintain that various issues presented in their underlying action are also presented in this coverage action, including:

(a) whether certain members of Mu Alpha Chapter were acting within the course and/or scope of their agency or otherwise on behalf of Mu Alpha Chapter;
(b) whether certain members of Mu Alpha Chapter were "insureds" at the time of their actions;

3

  (c) whether or not certain members of Mu Alpha Chapter were acting within the course and/or scope or within the authority of their agency with Mu Alpha Chapter;
  (d) whether or not certain members of Mu Alpha Chapter were acting within the course and/or scope of their agency or otherwise on behalf of Mu Alpha chapter when the injuries were caused to the tort victims;
  (e) whether the injuries and damages were caused "intentionally from the standpoint of the insured," or "negligently or recklessly . . . from the standpoint of the insured";
  (f) whether or not certain Mu Alpha Chapter members are liable for Mu Alpha Chapter activities (as defined in the 'additional insured' endorsement of the policies); and
  (g) whether or not "members" performed activities on behalf of Mu Alpha Chapter.

Although the court does not agree that all of these questions will be pertinent in both the underlying action and in this case, several of them appear to be common to both cases. The first requirement for permissive intervention is therefore satisfied.

Liberty contends that permissive intervention is nevertheless not available here because Mr. Tierney and Mr. Kinsler must show, and cannot show, "independent jurisdiction." Under Indiana law, Mr. Tierney and Mr. Kinsler have no right to bring a direct action against the alleged tortfeasor's insurance company. That lack of a direct cause of action, Liberty maintains, demonstrates that the independent jurisdiction requirement is not met. Liberty misapprehends the nature of this requirement. "Independent jurisdiction" in this context simply means subject matter jurisdiction. *See, e.g., Twist v. Arbusto*, 2007 WL 30556 (S.D. Ind. Jan. 3, 2007). And there is no suggestion here that subject matter jurisdiction is lacking.[1] The court further notes that insurers frequently join as defendants in coverage actions not only the insured but the tort claimant in the underlying case.

Federal Rule of Civil Procedure 24(c) requires that the motion to intervene be "accompanied by a pleading setting forth the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c). *See Shevlin v. Schewe*, 809 F.2d 447, 450 (7th Cir. 1987). Mr. Tierney

---

[1] Liberty does not contend, for example, that Mr. Tierney and Mr. Kinsler are citizens of the same state as Liberty.

and Mr. Kinsler have failed to submit the required pleading.  Although the Memorandum of Law in Support of Motion to Intervene provided enough information for the court to evaluate the motion to intervene, the pleading requirement must still be met.  Permissive intervention is therefore conditioned on the intervener defendants' filing of their pleading within fourteen days of this Order.

## II. Jurisdiction

In the alternative, Mr. Tierney and Mr. Kinsler argue that this court should decline to exercise jurisdiction over this case, thus permitting the issues to be litigated in Pennsylvania along with their underlying action.  There is no dispute that this court properly has jurisdiction over this declaratory judgment action under 28 U.S.C.A. § 2201.  Mr. Tierney and Mr. Kinsler have presented no persuasive reason it should decline to hear the case.  Although this case presents at least some issues likely to arise in the underlying case, the two actions are fundamentally different.  No significant efficiencies will be achieved if this court declines jurisdiction, and no basis for disregarding Liberty's choice of forum has been presented.  The federal courts have a "virtually unflagging" obligation to exercise the jurisdiction given them (*Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817-18 (1976)), and this court will not decline to do so here.

## III. Entry of Default

Under Federal Rule of Civil Procedure 55(c), "[t]he court may set aside an entry of default for good cause . . . ."  To obtain that result, a party must show (1) good cause for setting aside the default, (2) quick action, and (3) a meritorious defense to plaintiff's complaint.  *Pretzel & Stoufer v. Imperial Adjusters*, 28 F.3d 42, 45 (7th Cir. 1994).

The absence of the pleading required by Rule 24(c) makes it impossible for the court to make any assessment of the interveners' defenses. The court will therefore defer its consideration of the request to set aside the entry of default until the interveners have filed their pleading.

## Conclusion

For all these reasons, the motion to intervene is GRANTED. The motion to decline to exercise jurisdiction is DENIED. Ruling on the motion to set aside the entry of default is DEFERRED.

So ORDERED.

Date: 05/19/2010

Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

Jeffrey F. Laffey
LAFFEY BUCCI & KENT, LLP
jlaffey@lbk-law.com

Timothy Puin
MCCORMICK BARSTOW LLP
tim.puin@mccormickbarstow.com